IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JESSICA NICOLE CATHEY, Personal
Representative/Administrator of the Estate
of JOSHUA WAYNE CATHEY, Deceased,

    Plaintiff,

v.                                                                                   No. 1:23-cv-01282-JDB-jay

CORECIVIC, INC., *et al.*,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

Before the Court is Plaintiff's Motion to Strike Affirmative Defense Number 7 Relating to Plaintiff's Claim of Health Care Liability. (Docket Entry "D.E." 12.) The Motion was referred to the undersigned for determination and/or report and recommendation. (D.E. 13.) For the reasons that follow, Plaintiff's Motion to Strike is DENIED.

**I. THE PARTIES' POSITIONS**

This lawsuit arises from the death of Joshua Cathey who was an inmate at the Hardeman County Correctional Facility, a facility owned, operated, and managed by CoreCivic. (D.E. 1-1 at ¶ 16.) Plaintiff alleges that Mr. Cathey passed out during an altercation, and an extended period time elapsed before prison officials responded. (D.E. 1-1 at ¶¶ 23-24, 26-27.) Mr. Cathey ultimately "died from Methamphetamine toxicity . . . ." (D.E. 1-1 at ¶ 31.) Plaintiff alleges that "had Defendants timely intervened" the effects of Mr. Cathey's Methamphetamine consumption "could have been reversed . . . ." (D.E. 1-1 at ¶ 31.) Plaintiff alleges that "Mr. Cathey was allowed access to drugs as a prisoner and while his post-mortem toxicology shows he had a significant

1

amount of drugs in his system, such amount would not have caused his death had he received the required and necessary timely medical intervention." (D.E. 1-1 at ¶ 34.)

Plaintiff separates the Defendants into two categories: the "CoreCivic Defendants" and the "Health Care Defendants" and asserts: (1) negligence claims against the CoreCivic Defendants; (2) negligence claims against the Health Care Defendants; and (3) Eighth and Fourteenth Amendment claims against all Defendants pursuant to 42 U.S.C. § 1983. (D.E. 1-1 at ¶¶ 7, 10, 29, 33-39.)

Defendants filed an Answer on January 11, 2024. (D.E. 6.) That Answer raised several affirmative defenses. (D.E. 6 at 10-13.) Affirmative Defense 7 reads:

> Defendants rely upon Tennessee's modified comparative fault doctrine. Defendant specifically asserts that the actions of Decedent constituted negligence as he, among other things, negligently ingested a lethal amount of illegal drugs and said negligence resulted in his death. Defendants will assert the fault of Decedent at trial and will argue that the Plaintiff's claims must be barred because Decedent's negligence constituted more tha[n] 50% of fault for his death. Defendants further reserve the right to assert the comparative fault of other non-parties.

(D.E. 6 at 11.)

Plaintiff "moves to Strike [] Affirmative Defense [7] to the extent Defendants intend it to apply to Plaintiff's Health Care Liability Claim as the Tennessee Supreme Court has held that such a Defense is not available to these Defendants." (D.E. 12 at 4.) Plaintiff argues that asserting an affirmative defense on the basis of comparative fault is "simply . . . not permissible" under Tennessee law in light of *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121 (Tenn. 2004). (D.E. 12 at 5.) That case, according to Plaintiff, means that "Defendants' allegation of Decedent's fault which necessitated adequate medical care, may not be used to reduce or eliminate any liability they may have under Tennessee's Health Care Liability Statute." (D.E. 12 at 6.)

Defendants' Response counters that "Plaintiff has asserted a *common law* negligence claim . . . against Defendants to which the doctrine of modified comparative fault is unequivocally applicable." (D.E. 14 at 3.) They note that Federal Rule of Civil Procedure 12 does not "contemplate[]" an order "partially striking an affirmative defense . . . ." (D.E. 14 at 3.) They also argue that "it is premature to strike the affirmative defense," and that Plaintiff failed to show that the defense could not "'succeed under any circumstances.'" (D.E. 14 at 4.) (quoting *United States v. Lapso*, No. 1:18-cv-301, 2018 U.S. Dist. LEXIS 247092, at *2 (N.D. Ohio June 19, 2018)).

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) governs motions to strike. FED. R. CIV. P. 12(f). That Rule states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are "disfavored" but "are within the sound discretion of the district court." *McKinnie v. Lundell Mfg. Co.*, 825 F. Supp. 834, 835 (W.D. Tenn. June 25, 1993). Affirmative defenses are considered immaterial if they "bear[] no essential or important relationship to the primary claim for relief." *McKinnie*, 825 F. Supp. at 835 (internal quotations omitted). As a matter of law, "[a]n affirmative defense is insufficient if . . . the defense cannot succeed under any circumstances." *Id.* (internal quotations omitted).

Regarding Tennessee's Health Care Liability Act, that statute "codifies the common law elements of negligence" in a medical malpractice case. *Kilpatrick v. Bryant*, 868 S.W.2d 594, 597-98 (Tenn. 1993). This statute governs "any civil action . . . alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based . . . ." TENN. CODE ANN. § 29-26-101(a)(1). The term "health care provider" is then further defined to include,

but is not limited to: a licensed health care practitioner; physicians, nurses, licensed practical nurses, physician assistants, pharmacy technicians, etc. who are "employee[s] of a health care provider; and legal entities that employ health care practitioners. TENN. CODE ANN. § 29-26-101(a)(2).

Importantly, the Tennessee Supreme Court has expressly held—as it relates to medical malpractice claims—that comparative fault is not an available affirmative defense. *Mercer*, 134 S.W.3d at 125. It held "that fault may not be assessed against a patient in a medical malpractice action in which a patient's negligent conduct provides only the occasion for the medical attention, care, or treatment which is the basis for the action." *Id*. This holding was, in part, based on the rationale that "patients who may have negligently injured themselves are nevertheless entitled to subsequent non-negligent medical treatment and to an undiminished recovery if such subsequent non-negligent treatment is not afforded." *Id*. at 130 (internal quotations omitted).

**III. ANALYSIS**

The Court is persuaded that striking Defendants' Affirmative Defense 7, at this time, is not warranted. The Court notes that Plaintiff has brought claims against two categories of Defendants: the CoreCivic Defendants and the Health Care Defendants. Parsing Plaintiff's Complaint, she has raised individual counts of negligence against each category separately. This, of course, makes sense given the fact that the negligence claim raised against the Health Care Defendants will be governed by Tennessee's Health Care Liability Act.[1] As to those Defendants, Plaintiff is correct that they may not raise an affirmative defense of comparative fault pursuant to *Mercer*. However, the CoreCivic Defendants *may* raise the affirmative defense of comparative fault, as the Health

---

[1] This conclusion is based on the assumption that the Health Care Defendants fall within the scope of "health care providers" as defined by the Health Care Liability Act, and the similar conclusion that the CoreCivic Defendants do not fall within the scope of that definition.

Care Liability Act is inapplicable to their alleged negligence. This conclusion is supported by the fact that part of Plaintiff's Complaint alleges the CoreCivic Defendants were negligent because Mr. Cathey had access to illegal drugs.

Based on the categories of Defendants, and the necessity of evaluating Plaintiff's claims against them separately, the Court finds that Plaintiff failed to establish that Affirmative Defense 7 could not succeed under any circumstances. Because comparative fault is an affirmative defense that the CoreCivic Defendants may rely upon, and therefore may be a successful affirmative defense, the Motion to Strike is DENIED. Plaintiff's claims against the Health Care Defendants will proceed in accordance with Tennessee's Health Care Liability Act, for which comparative fault is not an available affirmative defense.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Affirmative Defense 7 is DENIED.

IT IS SO ORDERED this the 7th day of March, 2024.

s/Jon A. York<br>
UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**